So Ordered                           _____

                                            Robert E. Littlefield, Jr.
                                            Chief, United States Bankruptcy Judge

Signed this 21 day of March, 2012.

```
UNITED STATES BANKRUPTCY COURT          Confirmation Date: 12/22/2011
NORTHERN DISTRICT OF NEW YORK
_____ Chapter 13
                                        Case No:  11-13040

 CRAIG R OSIER
                                        ORDER CONFIRMING PLAN

                                        Attorney for Debtor(s):
                            Debtor(s).  JAMES E D DOERN, ESQ.

_____
```

    A summary of the Chapter 13 Plan ("Plan") having been transmitted to  scheduled creditors and it having been determined, after  notice  and  a  hearing,  that (1) Debtor has complied with all documentation production and Court filing requirements under 11 U.S.C. 521, (2) Debtor has represented to the Trustee and this Court under penalty of perjury that all Domestic Support Obligations that have become due since the filing of the petition have been paid and all such obligations that will become due during the plan will be paid in a timely fashion,  and  (3)  The Plan meets the confirmation requirements of 11 U.S.C. Section 1325, therefore,

   IT IS ORDERED THAT:

THIS ORDER CONFIRMING PLAN, INCLUDING ANY ADDENDUMS ATTACHED AND INCORPORATED HEREIN BY REFERENCE, SHALL REFLECT ALL OF THE  TERMS  OF THE CONFIRMED PLAN. ADDITIONAL TERMS SET FORTH IN THE PLAN BUT NOT INCLUDED IN THIS ORDER SHALL NOT  BE BINDING.

  THE TERMS OF THE CONFIRMED PLAN ARE AS FOLLOWS:

1. <u>Required Payments</u>:$418/MO FOR 60 MONTHS

Additional Funding/Other Requirements :

2. The plan will be considered complete when (1) all allowed secured and priority unsecured claims have been paid in full  except  those  specified in Paragraph 6(c) and (2) all payments as set forth in Paragraph 1 have been received, and (3) allowed unsecured claims not separately classified and  provided  for  in Paragraph  7  have  received  at  least  <u>  1   %</u>,  or  <u>$    1,032.00   </u> (liquidation minimum)   whichever provides a greater distribution.

3. <u>Approved   Attorney's   fees to Debtor's Counsel</u> :   $    3,700.00 ,   of   which $    2,675.00  shall be paid by the Trustee through the plan.

4. <u>Secured Claims To Be Paid By Trustee</u> :  The following secured creditor(s) shall retain their lien(s) securing their claim(s) and be paid by the Trustee,

   (a) IN FULL, only in accordance with the creditor's timely proof of claim:

   **CREDITOR**

   (b) IN FULL, in accordance with a claim deemed filed  by  the  debtor  on  the creditor's behalf as set forth below (subject  to  amendment  by  the  secured creditor's proof of claim):

   **CREDITOR**
   BALLSTON SPA TAX COLL.
   SARATOGA COUNTY TREASURER

   (c) ARREARAGES ONLY, in accordance with a claim deemed filed by the debtor  on the creditor's behalf (subject to amendment by the secured creditor's proof of claim).  Ongoing post-petition payments to be made by the debtor(s) subject to Paragraph 5(a) and 9(e) herein.

   **CREDITOR**

   (d) CRAMDOWN: <u>COLLATERAL VALUE</u> pursuant to 11 U.S.C. Section 506  to  be  paid with  present  value  interest  pursuant to 11 U.S.C. Section 1325(a)(5) based upon this Court's determination, as listed below.  Any filed claim requesting payment of a higher secured claim amount  shall  be  deemed to be an unsecured claim to the extent  that  the  amount  of the filed claim exceeds the Court's finding as to value.  Further,  any  request  for interest at a rate which is higher than the Court's finding on interest shall be disallowed.  Finally,  a filed claim seeking a lower secured claim amount or lower interest rate on its secured claim shall be deemed to be the creditor's consent to  accept  payment (of  said)  at  the  lower  amount  and/or  rate  notwithstanding this Court's determinations as to the appropriate amount or appropriate interest rate.

   |  |  |  | MONTHLY |
   |---|---|---|---|
   | **CREDITOR** | **SEC CLAIM** | **INT RATE** | **PAYMENT** |

(e) CRAMDOWN: <u>PAYMENT IN FULL</u>, with present value interest pursuant to 11 U.S.C. Section 1325(a)(5) based upon this Court's determination, as listed below. Any filed proof of claim will be disallowed to the extent that the interest rate sought exceeds the Court's finding as to the appropriate rate. A filed claim seeking a lower secured claim amount or lower interest rate on its secured claim shall be deemed to be the creditor's consent to accept payment at the lower amount and/or rate notwithstanding this Court's determinations as to the appropriate amount or interest rate. The claim amount below is based upon a claim deemed filed by the debtor on the creditor's behalf (subject to amendment by the secured creditor's proof of claim).

| **CREDITOR** | **SEC CLAIM** | **INT RATE** | **MONTHLY PAYMENT** |
|---|---|---|---|

5. <u>Secured Claims To Be Paid Directly by Debtor</u>:

(a) <u>ONGOING DIRECT PAYMENT</u>: With the following secured creditors retaining the liens securing their claims and being paid directly by the debtor subject to Paragraphs 6(c) and 9(E).

**CREDITOR**
CREDIT ACCEPTANCE CORP
TRUSTCO

(b) <u>SURRENDER</u>: With the collateral securing the claims held by the following secured creditors being surrendered to said creditors for liquidation. Upon entry of this Order, said creditor may submit an *ex parte* Order, together with the appropriate fee, providing that said automatic stay shall be lifted and on the condition that the Order also provide that any surplus monies realized by any sale of collateral shall be payable to the Trustee and the debtor, as co-payees.

**CREDITOR**

(c) <u>PAY FROM SALE</u>: With the collateral securing the claims held by the following secured creditors being sold on the terms and conditions set forth below during the term of the plan and the claim paid at the time of sale.

**CREDITOR**

6. <u>Priority Creditors</u>: With priority unsecured creditors being paid by the Trustee subsequent to payment in full to secured creditors, and

(a) IN FULL, only if creditor's proof of claim is filed.

**CREDITOR**

(b) IN FULL, in accordance with a claim filed by the debtor on behalf of the priority creditor (subject to amendment by the creditor's proof of claim.):

**CREDITOR**                                                              **AMOUNT**

(c) IN PART, as a claim entitled to priority under 11 U.S.C. 5079(a)(1)(B) and as provided for in 11 U.S.C. 1322(a)(4):

**CREDITOR**                                                          **AMOUNT**

7. <u>Separate Class of Unsecured Creditors</u> .  With the following unsecured creditors separately classified pursuant to 11 U.S.C. 1322(b)(1) to be paid  in  full in accordance with a claim deemed  filed  on  the  creditor's  behalf (subject to amendment by the creditor's proof of claim):

**CREDITOR**                                                          **AMOUNT**

8. <u>Unexpired leases and executory contracts</u>  with  the  following  creditors  are assumed:

**CREDITOR**

All other unexpired leases and executory contracts are deemed rejected.

9. <u>General Provisions</u>

(A) Debtor(s) is/are enjoined from incurring any debts  in  excess  of $100.00 without prior approval of this Court, except such debts  as  may  be necessary for emergency medical or hospital care.

(B) Debtor shall report to the Trustee, any receipt of entitlement to funds in excess of $2,500.00 (other than regular monthly income),  during  the  term of the plan.

(C) Should the debtor(s) default on payments required by the plan, the Trustee may submit and implement an *ex parte*  Payroll Deduction Order.

(D) From the funds received, the Trustee is directed to remit any  unpaid  fee to the Clerk of the U.S. Bankruptcy Court.

(E) Upon the debtor(s)' post-confirmation default to a secured creditor listed in Paragraph 7 for a period of more than:

   (a) 90 days on claims secured by realty OR
   (b) 30 days on claims secured by personalty

the secured creditor may give notice of said post-confirmation default to  the Court, the debtor(s), the debtor(s)' attorney and Trustee by regular mail, and file an affidavit of service with the Court.   If said default is not,  within 15 days,

   (1) cured OR
   (2) settled by written agreement between the parties OR
   (3) resolved by the Court based on appropriate pleadings alleging sufficient
       equity or other facts sufficient to justify continuance of the automatic
       stay,

said creditor may submit an ex parte order, together with the appropriate fee, providing that said automatic stay shall be lifted and further that any surplus monies realized by the sale of collateral be made payable to the Trustee and the debtor as copayees.

(F) The Trustee is ordered not to perform the duties specified in 11 U.S.C. 1302(c) absent further Order of this Court. The debtor(s) shall perform the duties as specifed in 11 U.S.C. 704(8) and file with the Chapter 13 Trustee such periodic reports on operation of the debtor(s)' business as are required by the Trustee or Court pursuant to 11 U.S.C. 1304(c).

(G) No property received by the Trustee for the purpose of distribution under their plan shall revest in the debtor until completion of the plan in accordance with this Order.

(H) Notwithstanding any contrary provision of the plan or this Order, title to all property of the debtor shall revest in the debtor only upon completion of the plan.

(I) Notwithstanding any provision of the plan or this Order, no article of property, real or personal, with any value of less than $2,500.00 may be sold or otherwise disposed of, without prior consent of the Trustee and no article of property, real or personal, with any value of more than $2,500.00 may be sold or otherwise disposed of, without prior Order of this Court.

(J) Objections to proofs of claim filed in this case, shall be in writing and filed by appropriate pleading, within 90 days of the Trustee's service of the "Notice of Claims Filed" on the debtor and debtor's attorney.

(K) During the term of the confirmed plan, debtor shall timely file all required federal and state tax returns and pay all applicable taxes when due. Upon the debtor's default in the timely filing of required federal and/or state tax returns and/or in the payment of applicable federal and/or state taxes for any post-petition period, the appropriate Taxing Authority may give written notice specifying which tax returns have not been filed and/or which taxes have not been paid, to the Court, the debtor, the debtor's attorney, and the Chapter 13 Standing Trustee by regular mail, and file an affidavit of service with the Court. If said default is not, within 180 days from the date said Notice is given, either

   (a) cured, OR
   (b) settled by written agreement between the parties, OR
   (c) resolved by appropriate pleading submitted to the Court demonstrating the filing of said returns and/or payment of said tax,

the Taxing Authority may submit an *ex parte* Order dismissing the Chapter 13 case without prejudice, and without further notice of hearing.

10. Other Provisions:

Copies served on the following either electronically or by regular mail:

| | |
|---|---|
| CRAIG R OSIER | JAMES E D DOERN, ESQ. |
| | RODRIGUEZ & DOERN |
| 13 BERKSHIRE DRIVE | 100 WEST AVE |
| BALLSTON SPA NY 12020 | SARATOGA SPRINGS, NY 12866-2141 |

PORTFOLIO RECOVERY ASSOCIATES
PO BOX 41067
NORFOLK, VA

        23541

###